IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARO G.J., <br><br> Petitioner, <br><br> vs. <br><br> CHRISTOPHER CHESTNUT, <br> WARDEN OF THE CALIFORNIA CITY <br> CORRECTIONAL CENTER, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-03972-MWJS <br> ORDER GRANTING PETITION FOR <br> WRIT OF HABEAS CORPUS IN PART <br><br> A# 246-060-844 |

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART</u>**

Petitioner Lazaro G.J.[1]  is an immigration detainee proceeding with a petition for

a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an

application for temporary restraining order (the "TRO application"), Dkt. No. 2.

For over thirty years, Petitioner has lived in the United States, having first

entered without inspection in 1995.  Dkt. No. 1, at pg. 4.  Since then, he has become the

father to three U.S.-citizen children, the youngest of whom is entirely dependent upon

him.  *Id*.  And given his ties to the community there, contends he is not a flight risk.  *Id*.

at pg. 5.  He has no criminal history.  On January 19, 2026, Petitioner was arrested and

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

detained pursuant to immigration proceedings and has remained in ICE custody since then.  After being taken into custody, Petitioner sought a custody redetermination hearing under 8 C.F.R. § 1236, but on May 19, 2026, the Immigration Judge denied jurisdiction over Petitioner's bond request.  Dkt. No. 1-1.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).  Dkt. No. 1, at pg. 6.  He contends that the statute and implementing regulations "contemplate custody determinations and the availability of bond hearings, [and that] [t]he Immigration Judge's refusal to exercise jurisdiction. . .conflicts with the statutory framework, which does not authorize indefinite detention without hearing."  *Id*.

This court and many others have granted relief in cases analogous to this one. *See, e.g.*, *Anderson O.H.G. v. Johnson*, 1:26-cv-03248-MWJS, 2026 WL 1330831(E.D. Cal. May 12, 2026); *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 12. The court appreciates Respondents' timely and candid response. Dkt. No. 13. Although Respondents maintain that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2), they acknowledge "that the current case mirrors the issues in numerous cases decided by this [c]ourt and most of the Courts in the Eastern District of California in the last several months." *Id.* at pgs. 1-2. Respondents do not oppose the court ruling directly on the petition, they do not request a hearing, and they do not intend to file any additional affirmative briefing. *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends in his first claim for relief that he is entitled by statute to a bond hearing. Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. Given the foregoing, Petitioner's TRO application, Dkt. No. 2, is DENIED AS MOOT.

The Clerk of Court is directed to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  June 2, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

_____

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-03972-MWJS; *Lazaro G.J. v. Cristopher Chestnut, Warden of the California City Correctional Center, et al.*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART